Lisa Van Amburg, Judge,
concurring.
I concur in the majority opinion insofar as it holds that the ordinance is beyond the scope of § 192.300. In my view, however, voter approval of the ordinance as an assumption of municipal functions is required only by § 2.180.21 of the County’s charter and not by Article VI § 18(c) of the Missouri Constitution.
As the majority notes, § 2.180.21 of the charter authorizes the county to perform municipal services and functions “when accepted by a vote of a majority of the qualified electors ....” This requirement alone is fatal to the County’s position. But regardless of whether an earlier version of Article VI § 18(c) of the Missouri Constitution mirrored this language, I do not construe the current version to mandate a vote. Missouri voters approved and adopted the current version of § 18(c) in 1970. It states that, “When such a proposition is submitted to the voters of the county[J the ballot shall contain a clear definition of the power, function or service to be performed and the method by which it will be financed.” I interpret this to mean that, when the nature of the ordinance is such that it requires a vote under a county’s charter, then the ballot measure should contain sufficient specifics to inform the voters’ decision. In other words, this sentence simply prescribes the content of the ballot.
Therefore, I would opine that the ordinance does not exceed the county’s authority under the Missouri Constitution, but voter approval is still required under the county’s charter.